UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT P. BENAVIDES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-129-TWP-TAB |
| ) | |
| LIEUTENANT CHRISTOPHER ) | |
| HOOSE and SGT. VIVIAN MALONE, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON MOTION TO DISMISS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court on defendants' Lieutenant Christopher Hoose and Sergeant Vivian Malone (collectively, "Defendants") Motion to Dismiss for Failure to State a Claim (Dkt. 12). In this action brought pursuant to 42 U.S.C. § 1983, plaintiff Robert Benavides ("Mr. Benavides"), an inmate at the Wabash Valley Correctional Facility ("Wabash Valley"), alleges Defendants violated his right of access to the courts while he was an inmate at the Delaware County Jail. Defendants move to dismiss arguing that Mr. Benavides' claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Mr. Benavides has opposed the Motion to Dismiss.

**I. STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint when it fails to set forth a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is sufficient if it gives "enough details about the subject-matter of the case to present a

story that holds together." *Swanson v. Citibank,* 614 F.3d 400, 404 (7th Cir. 2010). On the other hand, a plaintiff "can plead himself out of court by pleading facts that show that he has no legal claim." *Atkins v. City of Chicago,* 631 F.3d 823 (7th Cir. 2011).

## II.   DISCUSSION

In his Complaint, Mr. Benavides alleges the Defendants violated his constitutional right of access to the courts by denying him access to the Delaware County Jail law library. Mr. Benavides asserts that these actions hindered his ability to work on a collateral challenge to his conviction in the Delaware Circuit Court. Specifically, he alleges in his Complaint "[i]f the Plaintiff would have been allowed access to the law library and one trained in the law, to properly research and prepare his Petition For Post-Conviction Relief, Cause No. 18C01-1010-PC-0005, the results of this proceeding would have been a reversal of his conviction." (Dkt. 1-1 at 5 & 9).

The Defendants argue that Mr. Benavides' Complaint must be dismissed because it is barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* provides:

> When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 487. Defendants assert that because Mr. Benavides' claim that he was denied access to the courts is based on his allegation that the Defendants hindered his ability to pursue post-conviction relief, this claim necessarily implies the invalidity of his conviction and is therefore barred by *Heck*.

The Seventh Circuit recently addressed a similar argument in *Burd v. Sessler*, 702 F.3d 429 (7th Cir. 2012). The plaintiff in *Burd* alleged that the defendant prison officials deprived

him of access to the courts by preventing him from using the library to prepare a motion to withdraw his guilty plea.  The court rejected this claim holding that the plaintiff "could not demonstrate the requisite injury without demonstrating that there is merit to his claim that he should have been able to withdraw the plea." *Id.* at 435.  Because "such a showing necessarily would implicate the validity of the judgment of conviction that he incurred on account of that guilty plea," the court dismissed the claim as barred by *Heck*. *Id.*  Courts have applied similar reasoning to claims, like Mr. Benavides' claim, that a plaintiff was deprived of access to the courts to file a petition for post-conviction relief. *See Allen v. Allsup*, 2012 WL 2254584 at *7-8 (S.D. Ill. June 15, 2012).  Mr. Benavides' claim must be dismissed for the same reason the claim in *Burd* was dismissed.  He alleges that by denying him access to the law library, the Defendants deprived him of his right to access the courts to pursue his petition for post-conviction relief and asserts that if this denial of access to the law library had not taken place, he would have been successful in that petition and his state conviction would have been reversed.  In other words, Mr. Benavides' claim for relief depends on the invalidity of his state court conviction.  The claim in this matter is therefore barred by *Heck* and must be dismissed without prejudice.

## III.  CONCLUSION

Mr. Benavides' claim is barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).  Accordingly, Defendants' Motion to Dismiss (Dkt 12) is **GRANTED**.  Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 08/27/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

3

DISTRIBUTION:

Robert P. Benavides, #967306
Wabash Valley Correctional Facility
Inmate Mail/Parcels
6908 South Old US Highway 41
P.O. Box 1111
Carlisle, Indiana  47838

Michael Roy Morow
STEPHENSON MOROW & SEMLER
mmorow@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com